UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKHILL INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HIGH END DEVELOPMENT, INC.,<br><br>　　　　　Defendant. | Case No.  22-cv-03104-VC<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. Nos. 23, 38 |

　　　　The case is stayed under the Court's inherent authority. *Landis v. North American Co.*, 299 U.S. 248 (1936).[1] Here, the three *Landis* factors weigh in favor of a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The only harm to Rockhill—that it will have to pay for High End's defense now and try to recoup later—is a cost of doing business in the insurance industry. *See, e.g.*, *Citizens Insurance Co. of America v. Chief Digital Advisors*, 2020 WL 8483913 at *2 (S.D. Cal. Dec. 22, 2020). On the other hand, High End would be prejudiced if this case were to go forward now, because it would have to fight its insurance carrier at the same time it defends the underlying actions. *See, e.g.*, *Scottsdale Insurance Co. v. Bottoms Up Bar and Entertainments, Inc.*, 2022 WL 2203667 at *2–3 (C.D. Cal. Apr. 8, 2022). Finally, adjudicating this dispute while the other actions are in progress runs the risk of disrupting High End's representation in those matters at "a critical juncture," which would frustrate their orderly resolution. *See Safeco Insurance Co. of America v. Nelson*, 2020 WL 3791675 at *7 (S.D. Cal.

---

[1] Rockhill argues that *Landis* does not apply where the other case is not also in federal court. Dkt. No. 33 at 18. But "the weight of authority in this district and the Ninth Circuit" is to the contrary. *Noble v. JP Morgan Chase Bank, National Association*, 2022 WL 4229311 at *7 (N.D. Cal. Sept. 13, 2022).

July 7, 2020).

United Specialty Insurance Company's motion to intervene is denied as moot in light of the stay. Dkt. No. 38. The denial is without prejudice to refiling when the stay is lifted.

The parties must notify the Court within 7 days of the resolution of the underlying *Niki Properties* matter. A case management conference is set for May 31, 2023.

**IT IS SO ORDERED.**

Dated: November 29, 2022

_____
VINCE CHHABRIA
United States District Judge