UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKHILL INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>HIGH END DEVELOPMENT, INC.,<br>Defendant. | Case No. 22-cv-03104-VC<br><br>**ORDER GRANTING MOTION TO LIFT STAY**<br>Re: Dkt. No. 50 |

On November 29, 2022, this case was stayed under the Court's inherent authority. *Landis v. North American Co.*, 299 U.S. 248 (1936). At the time, there was an ongoing state court action regarding alleged damage caused by High End Development at a property owned by Niki Properties. There was substantial factual overlap between the state court action and this case: Here, Rockhill Insurance alleges that High End was on notice about a claim for construction defects at the property before High End represented to Rockhill that it was not aware of any such claims, arguing that this misrepresentation renders the policy void. On that basis, Rockhill seeks recission of the insurance contract. Rockhill also sought declaratory relief, arguing that even if the policy is valid, High End's alleged knowledge of the damage eliminated Rockhill's duty to defend and indemnify High End in the Niki Properties dispute. Both the federal and state court actions would have required fact-finding regarding the alleged damage that had occurred at the Niki Properties development and High End's awareness of it. Thus, this Court found that a stay was appropriate under *Landis*, as parallel disclosures and discovery in both cases could prejudice High End, forcing it to fight a two-front war with its insurance carrier and state court counterparty over the same events.

Since then, *Niki Properties* has settled.[1] Additionally, High End settled a different state-law construction-defect case that it had been defending (*Garden Communities*), while litigation remains ongoing in a third such action (*Shadelands Park*). Since Rockhill has funded or continues to fund High End's defense in those cases under the policy at issue here, High End argues that the stay should remain in place until those actions (and, perhaps, any other actions covered by the policy) have concluded. However, in this case, Rockhill is only seeking declaratory judgment about coverage in *Niki Properties* and only seeking recission based on High End's alleged misrepresentations about *Niki Properties*. Thus, the balance of the three *Landis* factors no longer supports the stay, and the stay is lifted.[2]

**IT IS SO ORDERED.**

Dated: July 27, 2023

_____
VINCE CHHABRIA
United States District Judge

---

[1] Although High End asserts in a footnote that the settlement in *Niki Properties* is not final, it neither explained what steps are left to be taken nor provided any evidence to support this assertion. Dkt. No. 50, at 3 n.4. Rockhill submitted exhibits showing that the owner of the property dismissed his complaint and High End dismissed its own cross-complaint in March 2023, both with prejudice. Dkt. No. 53, at 7; Dkt. No. 53-2; Dkt. No. 53-3.

[2] High End's request to decline jurisdiction is also denied. That issue was not properly argued in this motion. More importantly, that argument is even weaker now than when originally made—even if the *Brillhart* standard properly applies, the arguably "parallel" state court action that might trigger that doctrine has been dismissed.