UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKHILL INSURANCE COMPANY,<br>  Plaintiff,<br>v.<br>HIGH END DEVELOPMENT, INC.,<br>  Defendant. | Case No. 22-cv-03104-VC<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br>Re: Dkt. No. 57 |

The motion to intervene is granted because the Rule 24(a) requirements are met, but USIC may not introduce any new claims. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

First, the motion to intervene was timely filed. The three-month delay between USIC's knowledge of the lawsuit and its initial motion to intervene is irrelevant because that motion was denied as moot when the case was stayed. *See U.S. v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). This motion to intervene was filed two weeks after the stay was lifted. That is a reasonable amount of time and does not unduly prejudice the parties at this early stage of litigation, especially given that no answer has been filed, and no substantive motions have been briefed or ruled upon. *See Alisal*, 370 F.3d at 921.

Second, USIC asserts a "significantly protectable interest relating to the . . . subject of the action." *Citizens for Balanced Use v. Montana Wilderness Association*, 647 F.3d 893, 897 (9th Cir. 2011). USIC has shown that it has an interest in seeking equitable contribution from Rockhill under California law for its coverage of High End's defense costs and insurance claims, which would be wiped out if Rockhill prevails in this action. *See* Dkt. No. 57 at 10 (citing

*Fireman's Fund Insurance Co. v. Maryland Casualty Co.*, 65 Cal. App. 4th 1279, 1289 (1998)). That is enough to satisfy this "practical threshold inquiry" into whether there's an "interest protectable under some law" and a "relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use*, 647 F.3d at 897; *see also City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010); *U.S. v. Aerojet General Corp.*, 606 F.3d 1142 (9th Cir. 2010).

Third, USIC's ability to protect its interest will be impaired by the disposition of this action. If this Court orders the recission of Rockhill's policy, USIC cannot sue for equitable contribution from Rockhill on the basis of this policy: that ship will have sailed. And Rockhill does not contest that this requirement is met.

Fourth, High End is inadequate to protect Rockhill's interests. USIC has sufficiently shown that High End's interests are not "such that it will undoubtedly make all of [USIC's] arguments" and that High End would not necessarily be "willing to make such arguments." *Citizens for Balanced Use*, 647 F. 3d 893, 898. USIC notes that High End will receive a full defense and indemnity in the underlying actions regardless of the outcome of this case. If USIC's policy with High End ultimately holds up, then this case just determines how Rockhill and USIC divide High End's costs. If USIC's policy with High End is challenged, then High End could find itself without insurance if it loses suits against both carriers—but that possibility also creates divergent interests between USIC and High End in this case. For example, High End might prioritize a quick and inexpensive resolution of this litigation against Rockhill to focus on future litigation against USIC. Or High End might be unwilling to take positions, make concessions, or allow discovery that could shore up its position against Rockhill but hurt it in future litigation against USIC. This is about more than the defendant and intervenor not necessarily litigating in the exact same manner: it is about distinct and possibly conflicting interests between the parties.[1]

---

[1] Moreover, Rockhill's request that USIC not be permitted to interfere with a settlement between it and High End suggests that Rockhill recognizes the possibility of conflicting interests. *See* Dkt. No. 58 at 17.

Intervention is appropriate "if the existing parties *may not* adequately protect" the intervenor's interest—there is no requirement of "absolute certainty" that the existing parties will be insufficient. *Citizens for Balanced Use*, 647 F. 3d at 900. USIC has met that bar.

However, USIC's intervention is limited to defending against Rockhill: USIC cannot introduce new claims. *See Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). But the other conditions proposed by Rockhill are denied. They are unlikely to increase litigation efficiency and would not serve the rationale behind intervention in this case.

If USIC would like to file its own Case Management Statement in advance of the Case Management Conference on October 6, then it must do so by Wednesday, October 4.

**IT IS SO ORDERED.**

Dated: October 2, 2023

_____
VINCE CHHABRIA
United States District Judge