# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKHILL INSURANCE COMPANY,<br>　　　　Plaintiff–Counter-Defendant,<br><br>　　v.<br><br>HIGH END DEVELOPMENT, INC.,<br>a California corporation,<br>　　　　Defendant–Counter-Plaintiff,<br><br>　　and<br><br>UNITED SPECIALTY INSURANCE<br>COMPANY,<br>　　　　Defendant–Intervenor. | Case No. 3:22-cv-03104-RFL<br><br>[PROPOSED]<br>**STIPULATED ORDER OF RESCISSION** |

Before the Court is a Joint Stipulation for the entry of a Stipulated Order of Rescission and Final Judgment, filed by Plaintiff–Counter-Defendant Rockhill Insurance Company ("Rockhill"), Defendant–Counter-Plaintiff High End Development, Inc. ("High End"), and Defendant–Intervenor United Specialty Insurance Company ("USIC") (collectively, "the Parties"). For good cause shown, the Joint Stipulation is **APPROVED** as follows:

1. In 2017, Rockhill issued to High End a general liability policy bearing policy number ENVP020272-00 for the policy period from June 19, 2017, to June 19, 2018 ("the Rockhill Primary Policy"), and an excess liability policy bearing policy number ENVE020274-00 for the same policy period ("the Rockhill Excess Policy"). Together, the Rockhill Primary Policy and the Rockhill Excess Policy are referred to as "the Rockhill Policies."

2. In 2022, Rockhill filed this civil action seeking to rescind the Rockhill Policies, alleging that High End made material misstatements or omissions when it applied for the Rockhill Policies. ECF No. 1. Rockhill also sought a declaratory judgment that it had no duty to defend or indemnify High End against a then-pending state-court action. *Id.* High End answered the Complaint. ECF No. 60. The Court gave High End permission to file a Counterclaim, ECF No. 78, which Rockhill answered, ECF No. 79. The Court also gave permission for USIC to intervene as a defendant under Federal Rule of Civil Procedure 24. ECF No. 65.

3. The Parties have agreed to resolve this action in its entirety through the rescission of the Rockhill Policies. The Parties agree that there is evidence to support a judgment of rescission, and High End and USIC have waived the right to present evidence and make arguments opposing rescission. *See, e.g.*, *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins.*, 156 Cal. App. 4th 1259, 1266–67 (2007) (explaining the legal requirements for rescission).

4. Based on the agreement of the Parties, the Court finds that rescission of the Rockhill Policies is not manifestly unjust and is not contrary to the evidence. Rockhill is entitled to rescind the Rockhill Policies. The Court thus **DECLARES** and **ORDERS** that the Rockhill Policies are fully and finally **RESCINDED as void *ab initio***, as if the Rockhill Policies had never existed.

5. Based on the agreement of the Parties, and in light of the rescission of the Rockhill Policies, the Court also **ORDERS** that all remaining claims and counterclaims in this action are **DISMISSED WITH PREJUDICE**, with each party responsible for its own costs and attorneys' fees.

6. A Final Judgment will be entered.

**IT IS SO ORDERED.**

DATED: January 27, 2025

_____
Hon. Rita F. Lin
United States District Judge